Bland, Chancellor.
This ease having been submitted on the application and petition of Margaret Hall, the proceedings were read and considered.
The will of the deceased husband of this widow lay before her,' and presented to her a choice between the estate therein bestowed, and that given by the law. In her election to take under the will, there is no apparent room even to suspect fraud, nor has the existence of any been intimated; and it is difficult to perceive how there could have been any mistake. But, supposing it possible to show that a mistake had occurred, I should require from her a strong and clear case of misapprehension. She has heretofore formally made her election in the manner prescribed by law, and has solemnly reaffirmed that choice by bringing this suit. An election thus deliberately made, repeated and adhered to, ought not to be lightly shaken or easily annulled. This widow must, therefore, be held firmly bound by her election; and can have no relief, but such as maybe altogether compatible with the choice she has thus made.(a)
A devise, which is merely of the nature of a donation, or that appoints persons to take as heirs in place of those designated by the law, must certainly be considered as void against creditors. But a devise in lieu of dower, is one of a different character, and-of much higher merits. It discharges a highly favoured debt due from the testator; it relieves his real estate from a lien imposed by the law in favour of his wife, in preference to all others, with which he himself could have encumbered it, by any contract of his own. In the language of the act of Assembly, a widow electing to take *205 under the will of her husband,is to “ be considered as a purchaser with a fair consideration.”(b) It is clear, therefore, that this devise is fraudulent, as against creditors, only so far as it exceeds the value of the dower, in lieu and discharge of which, it was given, and has been accepted.
The creditors have associated themselves with the widow and devisee of the deceased, ánd have asked to have the real estate sold for the payment and satisfaction of all. But these creditors now, it seems, propose to have their claims first satisfied, in preference, and exclusion of the devise to the widow. They who are the widow’s opponents, would thus bind her to her election to take under the will, which satisfied her claim that had a preference over theirs; and yet they would leave her to take, by that devise, nothing, or less than the amount of her legal claim. This cannot be allowed. They who ask equity must do equity. These creditors must either permit the widow to 'take to the whole amount under the will, as is her choice, or allow her to obtain full satisfaction for her dower; because to the value of that, at the least, she is both at law and in equity, “ a purchaser with a fair considerationand to that extent, therefore, the devise must be sustained. The widow is clearly entitled to one, or the other; either the devise, or the 'dower; and since her taking the whole of the subject devised, which was and is her choice, has been objected to, she must be allowed to take, as devisee, to the full value of the dower which she has relinquished, but no more.(c)
Therefore it is Ordered, that the said Margaret Hall be, and she is hereby allowed one-seventh part of the proceeds of the real estate in the proceedings mentioned, in bar and satisfaction of all that portion of the real and personal estate devised to her by her late husband, Joseph Hall, and which property so devised she had elected to take in lieu of her dower.

 Butricke v. Broadhurst, 1 Ves. jun. 171; S. C. 3 Bro. C. C. 88; Wake v. Wake, 1 Ves. jun. 335.

 1798, ch. 101, subch. 13, s. 5; Sug. V. & P. 257.

 Burridge v. Bradyl, 1 P. Will. 127; Blower v. Morret, 2 Ves. 420; Davenhill v. Fletcher, Amb. 244; Heath v. Denby, 1 Russ. 543.